FILED BY ____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE   05 DEC 15 PM 3: 46
WESTERN DIVISION

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| ROBERT JERMAL ROBINSON, | X | |
| Petitioner, | X | |
| vs. | X | No. 05-2734-B/P |
| BRUCE PEARSON, | X | |
| Respondent. | X | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING PETITION UNDER 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Petitioner Robert Jermal Robinson, Bureau of Prisons ("BOP") inmate registration number 14874-074, an inmate at the Federal Correctional Institution in Memphis, filed a pro se petition pursuant to 28 U.S.C. § 2241 on September 27, 2005. The Court issued an order on October 24, 2005 directing the petitioner, within thirty days, to file an in forma pauperis affidavit or pay the habeas filing fee. Robinson filed an in forma pauperis affidavit on November 1, 2005. Based on the information set forth in the petitioner's affidavit, the motion to proceed in forma pauperis is GRANTED.

Although the factual recitation in this petition is less than clear, the factual background relevant to this petition was set forth in a previous § 2241 petition filed by this prisoner.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 12-16-05



Robinson, a federal prisoner, was convicted after a jury trial in the United States District Court for the Eastern District of Tennessee on July 11, 1995 of possession of crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and use of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). United States v. Robinson, No. 3:95-cr-00050-1 (E.D. Tenn.). District Judge Leon Jordan conducted a sentencing hearing on October 13, 1995, at which time Robinson was sentenced to consecutive terms of imprisonment of one hundred thirty (130) months on the drug trafficking count and sixty (60) months on the weapon count, to be followed by a four-year period of supervised release. Judgment was entered on October 17, 1995. The United States Court of Appeals for the Sixth Circuit dismissed the appeal on the motion of the Government. United States v. Robinson, No. 95-6433 (6th Cir. Apr. 1, 1996).

Robinson filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Tennessee on May 14, 1999, which was denied on May 10, 2002. Robinson v. United States, No. 3:99-cv-00251 (E.D. Tenn.). The United States Court of Appeals for the Sixth Circuit denied the appeal for lack of jurisdiction. Robinson v. United States, No. 02-5961 (6th Cir. Feb. 10, 2003).

At the time Robinson was sentenced on the federal charges, he was not serving a state sentence. He did, however, have a pending state charge of attempted first degree murder for shooting at a Knoxville, Tennessee police office. After the

2

disposition of the federal charges, Robinson was returned to state custody, where he entered a guilty plea to the lesser included offense of aggravated assault and was sentenced to four years imprisonment. Judgment in the state case was entered on May 30, 1996. The judgment form stated that "this sentence shall be served concurrently insofar as possible with case no. 3:95cr50 previously imposed by U.S. District Court, Northen Division, and any remainder to be served thereafter until completion." Robinson remained in state custody until June 4, 1998, when he was committed to federal custody to begin service of his federal sentence.

On August 11, 2003, Robinson filed a petition pursuant to 28 U.S.C. § 2241 in this district complaining that he had not received credit against his federal sentence for the time spent in state custody. The Court issued an order on January 8, 2004 dismissing the petition for failure to exhaust administrative remedies and certifying that an appeal would not be taken in good faith. Robinson v. Davis, No. 03-2587-B/V (W.D. Tenn.). Judgment was entered on March 8, 2004. The United States Court of Appeals for the Sixth Circuit affirmed in an unpublished order. Robinson v. Federal Bur. of Prisons, No. 04-5109 (6th Cir. Mar. 2, 2005).

Robinson has now filed another § 2241 asking, once again, to have his federal sentence run concurrently to his state sentence. The petition alleges that Robinson has exhausted his administrative remedies, including an appeal to the BOP General Counsel that was denied on September 2, 2005. Although the documents evidencing that appeal are not attached to the petition,

3

the Court will assume, for purposes of this order, that Robinson has exhausted his administrative remedies.

The Attorney General, through the BOP, is responsible for computing federal terms of imprisonment. United States v. Wilson, 503 U.S. 329 (1992). This Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b), as that task is reserved for the Attorney General of the United States through the BOP. Id. at 333-34; United States v. Cobleigh, 75 F.3d 242, 251 (6th Cir. 1996). In this case, the BOP, in response to a request by Robinson that a state prison be designated nunc pro tunc as the place of service of his federal sentence,[1] "forwarded correspondence to the U.S. District Court for the Eastern District of Tennessee on February 14, 2002, regarding your request for Nunc pro tunc [sic] designation. The Bureau sought to determine if the court would object to such a designation. On April 10, 2002, United States District [Judge] Leon Jordan responded, stating it was the court's intention th[at] your federal sentence run consecutive to your state sentence." Letter from Delbert G. Sauers, BOP Regional Inmate Systems Administrator, to Robert J. Robinson, dated Apr. 19, 2002.[2] The BOP therefore rejected Robinson's request for nunc pro tunc designation, which, in effect, meant that he could not receive

---

[1] Pursuant to 18 U.S.C. § 3621(b), the BOP is authorized to designate the place where a federal offender will serve his sentence. It is the policy of the BOP that, "[w]hen a federal judge orders or recommends a federal sentence run concurrently with a state sentence already imposed, the Bureau implements such order or recommendation, ordinarily by designating the state facility as the place to serve the federal sentence." BOP Program Statement 5160.05 (Jan. 16, 2003), ¶ 7(c).

[2] This letter is attached as an exhibit to the petition filed by Robinson in case no. 03-2587.

4

credit on his federal sentence for the time he spent in state custody:

> In accordance with Title 18 U.S.C. § 3621(b) and Bureau of Prisons Program Statement 5160.04, <u>State Institution for Service of Federal Sentence, Designation of</u>, a designation for concurrent service is made only when it is consistent with the intent of the sentencing federal court, or with the goals of the criminal justice system. Based on the above information, it has been determined that a Nunc Pro Tunc designation by the Bureau of Prisons is not appropriate in this case.

<u>Id.</u>

Nothing in the petition demonstrates that Robinson is entitled to relief pursuant to 28 U.S.C. § 2241, as the decision of the BOP is not contrary to law. The commencement and calculation of the term of imprisonment of a federal prisoner, including any award of credits, is governed by 18 U.S.C. § 3585, entitled "Calculation of a term of imprisonment," which states as follows:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. In this case, pursuant to § 3585(a), the BOP calculated that Robinson's federal sentence commenced running on June 4, 1998, when he was received at "the official detention facility at which the sentence is to be served." The time Robinson spent in state custody was credited against his state sentence and, therefore, pursuant to § 3585(b), he is not entitled to also receive federal credit for that time.

As support for his petition, Robinson relies on the statement in his state judgment that his state and federal sentences should run concurrent to each other "insofar as possible." He also suggests, without providing any factual support for his assertion, that he entered a guilty plea to the state charge under the expectation that the sentence would run concurrent to his federal sentence. However, the Sixth Circuit has previously rejected a § 2241 petition raising an identical claim, reasoning as follows:

> The law is clear that a federal district court does not have the power to impose a federal sentence to run concurrently with a state sentence that has not yet been imposed. United States v. Clayton, 927 F.2d 491, 493 (9th Cir. 1991); 18 U.S.C. § 3584(a). There is also absolutely no indication of record that the United States played any role in fashioning Means's Tennessee plea bargain or sentence. Absent this, federal prison officials are under no obligation to take state prisoners into custody until released from the state sentence. . . . Finally, the district court lacked the authority to grant Means's request for federal sentence credit as his federal sentence will not begin to run until he is received in federal custody. 18 U.S.C. § 3585(a).

United States v. Means, No. 97-5316, 1997 WL 584259, at *2 (6th Cir. Sept. 19, 1997). A state court can neither force a federal

6

court to impose concurrent sentences nor require a federal agency to award concurrent time for state sentences. United States v. Smith, 972 F.2d 243 (8th Cir. 1992); United States v. Avery, No. 90-5216, 1990 WL 118695 (6th Cir. Aug. 15, 1990); Opela v. United States, 415 F.2d 231, 232 (5th Cir. 1969)(construing 18 U.S.C. § 3568, the precursor to § 3585). Insofar as a state court judge enters an order that a sentence is to be served concurrently, such an order could not force the United States Marshal or the BOP to accept petitioner for service of his sentence under § 3585, or oblige the BOP to award sentence credits for time credited against a state sentence. Federal sentences begin by operation of law as defined by statutes passed by Congress, not when a judgment states they begin.

As Robinson is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997);

7

Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917. Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether those requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. United States Parole Comm'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions. Cf. Greene v. Tennessee Dep't of

8

Corrections, 265 F.3d 369 (6th Cir. 2001) (certificate of appealability requirement is applicable to state prisoner bringing § 2241 petition).

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. Kincade, 117 F.3d at 951. Rather, to appeal in forma pauperis in a habeas case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if petitioner files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion

to proceed *in* *forma* *pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this **15TH** day of December, 2005.

*/s/ J. Daniel Breen*
J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:05-CV-02734 was distributed by fax, mail, or direct printing on December 16, 2005 to the parties listed.

---

Robert Jermel Robinson
FCI-MEMPHIS
14874-074
P.O. Box 34550
Memphis, TN 38184

Honorable J. Breen
US DISTRICT COURT